IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NATHANIEL JOHNSON, Inmate #B84211, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL NO. 05-140-WDS |
| T.J. COLLINS, B.J. COLE, J. PEA, and STEVEN JOHNSON, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered the full filing fee.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and

any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed at this point in the litigation.

*Factual Allegations*

Plaintiff states that while he was detained in the St. Clair County Jail in Belleville, Illinois, defendants failed to protect him from an attack by another inmate. Plaintiff states that jail inmate Rafael A. Jackson had been forcing other detainees, including the Plaintiff, to pay him "protection dues." Plaintiff complained to jail officials, and on April 20, 2004, a separation order was entered and inmate Jackson was moved to a different cell block from Plaintiff. While Jackson was being moved, he passed by Plaintiff and threatened to kill him.

On June 5, 2004, Plaintiff was placed in the same visiting room with Jackson. Plaintiff states that this was done deliberately by defendant Pea. Jackson brutally attacked Plaintiff, stabbing him in the head and hand and causing a back injury. Plaintiff was taken to an outside hospital where he received stitches. Plaintiff later learned that inmate Jackson had assaulted other inmates in the jail. Plaintiff told Defendants Cole and Johnson that he wanted to lodge a formal complaint, but they told him to "drop the whole matter" or he would "end up" on the same block with Jackson. Plaintiff filed a formal grievance with Defendant Collins, but never received a response. Plaintiff states that all the defendants had allowed Jackson to "commit one assault after another" without taking any steps to stop him. Plaintiff states that as a result of the assault, he suffered from numerous stab wounds (requiring stitches), lower back problems, headaches, cold sweats, anxiety, and mental anguish.

*Legal Standards*

**Failure to Protect.** In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other

prisoners." *Id.* at 833 (internal citations omitted); *see also Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001). Based on Plaintiff's allegations and these legal standards, this claim cannot be dismissed at this point in the litigation. *See* 28 U.S.C. § 1915A.

**Retaliation.** Plaintiff's factual allegations also state a claim of unconstitutional retaliation. Although Plaintiff does not specifically state that he is bringing such a claim, it is the Court's duty to find as many claims as may be inferred from a plaintiff's factual narrative. Plaintiff states that after the assault, he attempted to file a formal complaint regarding the incident, but Defendants Cole and Johnson told him that if he filed a complaint he would be put back in the same cell block with Jackson.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th

Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Based on these standards, Plaintiff's retaliation claim cannot be dismissed at this point in the litigation. *See* 28 U.S.C. § 1915A.

### *Summary and Conclusion*

Plaintiff may proceed against all defendants on his failure-to-protect and retaliation claims.

**IT IS ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants **COLLINS, COLE, PEA, and JOHNSON** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **4** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **COLLINS, COLE, PEA, and JOHNSON**. The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **COLLINS, COLE, PEA, and JOHNSON** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of St. Clair County Jail who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of

the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: March 22, 2006**

                                    **s/ WILLIAM D. STIEHL**
                                    **DISTRICT JUDGE**